UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERON HAILE KELATI,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-03333-DAD-CSK<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On April 30, 2026, petitioner Meron Haile Kelati, A-File No. 241-980-405, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.) In support of his petition, petitioner alleges the following.

Petitioner entered the United States on March 17, 2023. (Doc. No. 1 at ¶ 17.) Petitioner was detained on June 30, 2025 during an ICE check-in. (*Id.* at ¶ 19.) Since his detention, petitioner has not received an individualized determination that his continued detention is necessary to "ensure his appearance at future proceedings or to protect the community." (*Id.* at ¶ 24.)

1

On May 1, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cited cases that this court has decided, including, as relevant here, *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC (E.D. Cal. Dec. 9, 2025). (Doc. No. 4.)

On May 1, 2026, respondents filed an opposition to the motion for temporary restraining order[1] (Doc. No. 6), and on May 5, 2026, respondents filed the declaration of Deportation Officer Travis Mears in support of their opposition to petitioner's motion for temporary restraining order (Doc. No. 7). Respondents argue that this case is distinguishable from *Chavarria* because petitioner's re-detention was justified by a change in circumstances. (Doc. No. 6 at 2.) In support of their opposition, respondents provide evidence of the following.

Petitioner was encountered by United States Border Patrol on March 17, 2023. (Doc. No. 6-1 at 3.) On or about May 8, 2023, petitioner was released on parole pursuant to 8 U.S.C. §§ 1182(d)(5)(A). (Doc. No. 7 at 18.) Petitioner's parole authorization was valid for one year. (*Id.*) Petitioner's grant of parole was extended for another year on April 29, 2024. (*Id.* at 20.) On June 30, 2025, petitioner reported to the San Francisco ICE office for a check in. (Doc. No. 6-1 at 2.) That same day, petitioner was provided an "Interim Notice Declining Parole," which stated that ICE declined to parole petitioner because he "failed to comply with release conditions of parole." (Doc. No. 7 at 22.) Also on June 30, 2026, a detention and deportation officer signed an administrative warrant authorizing petitioner's detention because evidence indicates that petitioner lacks immigration status or is removable. (*Id.* at 25.)

In his habeas petition, petitioner claims that his detention is in violation of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment because he has not been provided an individualized custody determination. (Doc. No. 1 at ¶¶ 47–63.) Petitioner requests either an individualized custody determination or his immediate release. (*Id.* at 12.) Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C.

---

[1] Respondents also state therein that they do not oppose the court resolving the pending petition on the merits based upon the briefing currently before the court. (Doc. No. 6 at 1.)

2

§ 1225(b).  (Doc. No. 6 at 1.)  Respondents also argue that, if the court finds petitioner is not subject to detention pursuant to §1225(b), the proper remedy is a bond hearing, not his immediate release.

This court has explained on multiple occasions that § 1225(b) is not applicable to petitioners who have been present in the United States and previously released from immigration detention.  *See Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026) (explaining that § 1225(b)(2) does not apply to noncitizens who entered the United States without inspection and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231); *Singh v. Albarran*, No. 1:25-cv-01821-DAD-SCR, 2025 WL 3640678 (E.D. Cal. Dec. 16, 2025) (explaining that § 1225(b)(1) does not apply to noncitizens who have been previously paroled pursuant to § 1182(d)(5)).  The court incorporates its reasoning in *Quichimbo-Jimenez* and *Singh* here and finds that petitioner is not subject to mandatory detention pursuant to § 1225(b).  Further, the court incorporates its reasoning in *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) and finds that petitioner obtained a liberty interest in his continued release when he was released on parole pursuant to § 1182(d)(5), and was therefore entitled to due process prior to his re-detention.

Respondents also argue that this case is distinguishable from *Chavarria* because petitioner's parole expired on April 29, 2025, and petitioner was "combative" when ICE asked him to cooperate with them, which constituted a change in circumstances justifying petitioner's detention.  (Doc. No. 6 at 2.)

Even though petitioner's parole authorization expired, petitioner maintains his liberty interest in his continued release.  *See D.L.C. v. Wofford*, No. 1:25-cv-01996-DC-JDP, 2026 WL 145646, at *4 (E.D. Cal. Jan. 20, 2026) ("[N]umerous courts in the Ninth Circuit have found that when a noncitizen is paroled under that section, his liberty interest does not expire along with his parole.") (collecting cases).  The fact that petitioner was re-detained shortly after his parole expired does not negate his liberty interest, as explained as follows by another judge of this court:

/////

3

> Further, numerous courts within the Ninth Circuit have required a pre-deprivation bond hearing where, as here, the petitioner's parole under § 1182 expires shortly before his re-detention. *See, e.g., Omer G.G.*, 2025 WL 3254999 at *5 (finding that the petitioner was entitled to pre-deprivation bond hearing where he was detained approximately six weeks after parole expiration); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136–37 (W.D. Wash. 2025) (same as to a petitioner detained six months after parole expiration).

*Nath v. Chestnut*, No. 1:26-cv-01800-DC-CKD, 2026 WL 743356, at *1 (E.D. Cal. Mar. 17, 2026) (ordering the petitioner's immediate release and a pre-deprivation bond hearing before a neutral arbiter).

Respondents next argue that courts have ordered a post-detention bond hearing where allegations of changed circumstances are not obviously pretextual "and the government's version of facts makes it 'at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight.'" (Doc. No. 6 at 2) (quoting *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025.)).  In *Martinez Hernandez*, the petitioner's Alternatives to Detention ("ATD") records indicated "numerous" violations including "several missed/failed virtual and/or home visits; 'master zone leave alerts' and missed callbacks related to his tracking device, and referencing others listed in Petitioner's A-File." *Martinez Hernandez*, 2025 WL 2495767, at *4.  Here, the "Interim Notice Declining Parole", dated June 30, 2025, states that ICE declined to continue petitioner's parole because he "failed to comply with release conditions of parole." (Doc. No. 7 at 22).  However, respondents have not come forward with any evidence that petitioner failed to comply with his parole conditions, nor have they argued that any purported violation was the reason for his re-detention, as was the case in *Martinez Hernandez*.

Rather, respondents argue petitioner's re-detention was justified because ICE determined that petitioner was a flight risk in light of his parole expiring on April 29, 2025 and his "combative" demeanor[2] with officers during his check-in on June 30, 2026.  (Doc. No. 6 at 2.)

---

[2] Respondents' description of petitioner as "combative" may be inadvertently misleading in that the report describes petitioner as "verbally combative."  (Doc. No. 6-1 at 2.)  To be clear, the report clearly does not state that petitioner was physically combative.  (*Id.*)

4

However, the evidence provided by respondents does not support this argument. First, with regard to any determination that petitioner poses a flight risk, the reports of various immigration officers provided to the court do not state that any officer determined petitioner was a flight risk when he was re-detained. (*See* Doc. Nos. 6-1 at 1–3; 7 at 1–4, 6–8.) Second, as discussed above, the expiration of petitioner's parole is an insufficient basis to justify his re-detention absent an individualized determination that he poses a danger to the community or a flight risk. *See Chavarria v. Chestnut*, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) (finding that petitioner's detention without written notice and a hearing was unlawful). Finally, respondents have not cited any authority to support their contention that petitioner's purported behavior at his ICE check-in is sufficient to justify his re-detention absent any notice or individualized assessment.

The court finds analogous and persuasive its reasoning in *Galkin v. Albarran*, No. 2:26-cv-02351-DAD-CSK, 2026 WL 878617 (E.D. Cal. Mar. 31, 2026), where the court concluded that immediate release was the proper remedy because respondents failed to identify a statutory basis or legal authority demonstrating that the purported change in circumstances, a misdemeanor conviction, could serve as a basis for re-detention following the petitioner's previous release on parole. The court incorporates that reasoning here and determines that petitioner's continued detention violates due process and his immediate release is the appropriate remedy in this case.

For the reasons above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a.     Respondents are ORDERED to immediately release petitioner Meron Haile Kelati, A-File No. 241-980-405, from respondents' custody on the conditions, if any, he was subject to prior to his re-detention on June 30, 2025;

   b.     Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

5

2.  Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his petition for habeas relief on the merits;

3.  The Clerk of the Court is directed to serve a copy of this order on the California City Correctional Center; and

4.  The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:  **May 15, 2026**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE